UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL FLOURNOY,

        Plaintiff,

v.                                  Case Number: 20-cv-10496

JONATHAN HEMINGWAY,

        Defendant.

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 7), AND DENYING PETITIONER'S MOTIONS (ECF NOS. 4, 10, 12, 13, 21-23, 32, 33)**

Currently before the court is a petition for writ of mandamus filed pursuant to 28 U.S.C. § 1361 by Michael Flournoy, a federal prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). Flournoy, who is proceeding *pro se*, challenges his security classification and asks the court to compel FCI-Milan's warden, Jonathan Hemingway, to decrease his security classification from low to minimum and transfer him to a minimum-security institution. Defendant has filed a motion for summary judgment. Flournoy has filed multiple motions. For the reasons discussed below, the court grants Defendant's motion for summary judgment and denies Flournoy's motions.

**I. BACKGROUND**

Flournoy is serving a term of incarceration of 160 months for possession with intent to distribute cocaine and attempt to possess with the intent to distribute cocaine. (ECF No. 7-2, PageID.192.) On December 21, 2018, he was transferred from the

Satellite Prison Camp in Oxford, Wisconsin, a minimum-security facility, to FCI-Milan, a low-security facility[1]. (ECF no. 7-2, PageID.186-87.) After his transfer, a Management Variable[2] was requested because Flournoy was scoring as a minimum-security prisoner, but FCI-Milan is a low-security facility. (*Id.*) The Management Variable was approved. (ECF No. 7, PageID.192.)

On March 4, 2020, Flournoy received an incident report for lying or providing a false statement to a staff member. (*Id.*) At that time, his security level was recalculated and he scored low security without the management variable. (*Id.*) The management variable was removed. (*Id.*)

## II.  STANDARD

Summary judgment is proper where there is no genuine issue of material fact for trial. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

---

[1]  BOP institutions are divided into five security levels: minimum, low, medium, high, and administrative. (ECF No. 7-4, PageID.254.)

[2]  Pursuant to the BOP's Program Statement 5100.08, Ch. 2 p. 3, "a Management Variable … reflects and supports the professional judgment of Bureau staff to ensure the inmate's placement in the most appropriate level institution. A Management Variable(s) is required when placement has been made and/or maintained at an institution level inconsistent with the inmate's security score—a score which may not completely/accurately reflect his or her security needs." Bureau of Prisons, "Inmate Security Designation and Custody Classification," available at https://www.bop.gov/policy/progstat/5100_008cn.pdf.

If the movant carries its burden of showing an absence of evidence to support a claim, the non-movant must make an affirmative showing through affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material facts exists in order to defeat the motion.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).  A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing that a genuine issue of material facts exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

### III.  DISCUSSION

Flournoy argues that he should be confined in a minimum-security facility but is, instead, confined in a low-security facility.  He claims that a Management Variable was improperly assigned to him to justify his placement in a low-security facility.  He further argues that, although the Management Variable has been removed, he continues to be improperly housed in a low-security facility based upon a disciplinary violation.  Defendant moves for summary judgment on the grounds that Flournoy has failed to exhaust his administrative remedies and that mandamus relief is unavailable because the action Flournoy seeks to compel is discretionary.

Flournoy seeks relief under 28 U.S.C. § 1361, which provides that "[t]he district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the petitioner." 28 U.S.C. § 1361.  Mandamus is a "drastic" remedy to be used "only in extraordinary situations."  *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980).  "Mandamus jurisdiction is available only if (1) the plaintiff has exhausted all available administrative appeals and (2) the defendant owes the plaintiff a 'clear

3

nondiscretionary duty' that it has failed to perform." *Your Home Visiting Nurse Servs., Inc. v. Sec'y of Health & Human Servs.*, 132 F.3d 1135, 1141 (6th Cir. 1997), aff'd sub nom. *Your Home Visiting Nurse Servs., Inc. v. Shalala*, 525 U.S. 449 (1999) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

Under 18 U.S.C. § 3621(b), the Bureau of Prisons has the sole discretionary authority to designate the place of an inmate's imprisonment. *See* 18 U.S.C. § 3621(b) ("The Bureau may designate any available penal or correctional facility" and "may at any time ... direct the transfer of a prisoner from one penal or correctional facility to another."); *Tapia v. United States*, 564 U.S.319, 331 (2011) (Bureau of Prisons has control over the place of a prisoner's imprisonment under § 3621(b)). The "full discretion" afforded the BOP regarding where to house a prisoner encompasses the discretion to classify an inmate's security level. *See Moody v. Daggett,* 429 U.S. 78, 88 n.9 (1976).

The action Flournoy seeks to compel -- his reclassification and reassignment to another facility -- are discretionary and the BOP has no duty to act as Flournoy demands. Mandamus relief is therefore not available.[3]

## IV. PETITIONER'S MOTIONS

Also before the court are Flournoy's Motion to Strike Defendant's answer (ECF No. 10); Supplemental Motion to Strike Defendant's Answer (ECF No. 23); two Motions

---

[3] Because the court determines that mandamus relief is not available, the court need not address Defendant's argument that Flournoy failed to exhaust his administrative remedies and Flournoy's counter-argument that prison officials impeded his ability to do so.

for Sanctions (ECF Nos. 12, 13); and two supplemental Motions for Sanctions (ECF Nos. 21, 22).

Flournoy seeks to strike Defendant's answers (ECF Nos. 6. 7) because they are "knowingly false, misleading, unsupported by evidence in the record, contradicted by Defendant's own pleadings, and inconsistent with Defendant's personal knowledge of this dispute." (ECF No. 10, PageID.1.)  Federal Rule of Civil Procedure 12(f) authorizes a district court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter ... on its own[ ] or [ ] on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)-(2).  Striking a pleading is a "drastic remedy" which should be "sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citations omitted).  It should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." *Id.*

Flournoy sets forth numerous objections to Defendant's answer and motion for summary judgment, but he fails to provide a substantive reason why these pleadings should be stricken.  His disagreement with Defendant's arguments and the contents of the supporting affidavits does not render the pleadings insufficient, redundant, immaterial impertinent or scandalous.  Further, Defendant's pleadings are clearly related to the controversy.  Accordingly, the Court will deny Flournoy's motion and supplemental motion to strike these pleadings.

Flournoy also seeks unspecified sanctions based upon two declarations Defendant submitted in support of his motion for relief from judgment – the declarations of Ryan Lea (ECF No. 7-2, PageID.186-188) and Cynthia Suydam (ECF No. 7-3, PageID.195-196). He contends that Lea's and Suydam's declarations were submitted in bad faith.

Rule 56 of the Federal Rules of Civil Procedure in relevant part states:

(h) AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Fed. R. Civ. P. 56(h).

The decision whether to impose sanctions is within this court's discretion. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510 (6th Cir. 2002). Courts have found "bad faith" in the context of Rule 56 only "where affidavits contained perjurious or blatantly false allegations or omitted facts concerning issues central to the resolution of the case." *Sutton v. U.S. Small Bus. Adm.*, 92 F. App'x 112, 118 (6th Cir.2003) (citation omitted).

Flournoy disputes the accuracy of Lea's and Suydam's declarations, maintaining the declarations are at odds with the facts. The court finds no evidence to support a finding that the declarations were made in bad faith. The court also did not rely on the declarations in adjudicating Defendant's motion for summary judgment. *See id.* (holding that, even if an affidavit is submitted in bad faith, sanctions are not appropriate where the court did not rely on the affidavit in disposing of the motion for summary judgment). The court will deny the motions for sanctions.

Finally, Flournoy seeks to supplement his reply to Defendant's answer and his answer to motion to grant mandamus with proposed Judgments and Orders granting him the relief he seeks. Because the court is denying the complaint and motion for mandamus and dismissing the case, the motions are moot and will be denied.

## V.  CONCLUSION

Accordingly, IT IS ORDERED that Defendant's Motion for Summary Judgment (ECF No. 7) is GRANTED and the complaint and motion for mandamus (ECF Nos. 1, 4) are DENIED. The case is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Flournoy's Motion to Strike (ECF No. 10), Motions for Sanctions (ECF No. 12, 13), Supplemental Motions for Sanctions (ECF No. 21, 22), Supplemental Motion to Strike (ECF No. 23), and Motions to Supplement (ECF No. 32, 33) are also DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 2, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 2, 2020, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C3 ORDERS\20-10496.Flournoy.mbc.chd.docx