UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL FLOURNOY,

        Plaintiff,

v.                                                Case No. 20-10496

JONATHAN HEMINGWAY,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND AND DENYING PLAINTIFF'S MOTION TO CLARIFY THE MERITS**

Plaintiff Michael Flournoy, a federal prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1361. (ECF No. 1.) On October 2, 2020, the court granted Defendant's motion for summary judgment and dismissed the petition. (ECF No. 34.) Now before the court are Plaintiff's "Motion to Alter or Amend," (ECF No. 38), and "Motion to Clarify the Merits." (ECF No. 40.) For the reasons discussed below, the court will deny both motions.

First, Plaintiff seeks relief under Federal Rule of Civil Procedure 59(e). A motion filed under Rule 59(e) may only be granted if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A Rule 59 motion may not be used to relitigate issues of disagreement with the court's initial ruling. *See, e.g., Howard v. United States*, 533 F.3d 472, 475 (6th Cir.

2008) (explaining that Rule 59(e) "allows for reconsideration; it does not permit parties to effectively 'reargue a case'"); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case.").

Plaintiff argues relief under Rule 59(e) is necessary to correct an error of law and to prevent a manifest injustice. The "error of law" identified by Plaintiff is the court's decision to deny mandamus relief which, he argues, "cannot stand when the law is applied to the merits" of his case. (ECF No. 38, PageID. 773.) But Plaintiff fails to demonstrate that the court's decision was in error. He argues the court failed to address his due process claims. (*Id.*, PageID.770.) However, the court held mandamus relief was unavailable because the Bureau of Prisons' authority to determine Plaintiff's place of incarceration and security designation is discretionary. (ECF No. 34, PageID.761-62.) That holding was outcome determinative, and further discussion of Plaintiff's due process claims was unnecessary. Further, it is well-established that a prisoner has no due process right to be assigned to a particular facility or a particular security classification. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Plaintiff's arguments also do not demonstrate the type of "manifest injustice" warranting relief under Rule 59(e). *See Slate v. American Broadcasting Companies, Inc.*, 12 F. Supp. 3d 30, 35 (D.D.C. 2013) (holding that manifest injustice is an "exceptionally narrow concept in the context of a Rule 59(e) motion"). Thus, the court will deny Plaintiff's motion.

Plaintiff's "Motion to Clarify the Merits" is not a motion permitted by the Federal Rules of Civil Procedure or the court's local rules. To the extent that Plaintiff seeks

reconsideration of the dismissal of his mandamus petition, reconsideration is denied for the same reasons that relief under Rule 59(e) is not warranted. Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Alter or Amend" (ECF No. 38) and "Motion to Clarify the Merits" (ECF No. 40) are DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 10, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 10, 2020, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-10496.FLOURNOY.MotiontoAlterandAmendandMotiontoClarify.MBC.RMK.docx